IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRP HOLD OX, LLC and TDBBS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-128 (MN) |
| | ) | |
| WILLIAM CHILIAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

On January 23, 2018, Plaintiffs, BRP Hold Ox, LLC and TDBBS, LLC filed a complaint alleging that their former employee, Defendant, William Chillean, violated contractual non-competition and non-disclosure obligations in accepting new employment. (D.I. 2). On January 29, 2018, Plaintiffs filed a request for injunctive relief to enjoin Mr. Chillean from working for the new employer. (D.I. 6).

On February 20, 2018, Defendant answered the complaint (D.I. 13) and responded to the motion for injunctive relief (D.I. 14). In his February 20, 2018 filings, Defendant challenged the subject matter jurisdiction of this court. He also filed a declaration attesting to the fact that he was no longer working for the new employer. (D.I. 15). Thereafter, on February 28, 2019, Plaintiffs withdrew their motion for injunctive relief. (D.I. 21). The case was referred to Chief Magistrate Judge Mary Pat Thynge for mediation, but there have been no additional proceedings in this court.

On April 11, 2018, Plaintiffs filed a new action in Delaware Superior Court (D.I. 29 at 4). On April 25, 2018, Plaintiffs filed the present motion to voluntarily dismiss their district court complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (D.I. 28).

Defendant does not object to Plaintiffs' motion to dismiss voluntary dismissal, but requests that the court order Plaintiffs to "reimburse Defendant for some or all of the litigation expenses

incurred to date, as a prerequisite to the dismissal of this action." (D.I. 29 at 1). Defendant requests twenty days "from the date of the court's order on Plaintiffs' motion to dismiss to submit an application for such attorneys' fees and costs." (D.I. 29 at 6).

Defendant's request for fees is premised on what he calls "Plaintiffs' frivolous motion for injunctive relief" (D.I. 29 at 6) and Plaintiffs' election to pursue its claim in the Delaware Superior Court. (*Id.* at 4). Defendant alleges that it offered Plaintiffs the same information detailed in its declaration, but that Plaintiffs proceeded to file its motion for a preliminary injunction leading to fees and costs that should have been avoided. *Id.* Plaintiffs object that confidential settlement discussions were provided to the court by Defendant (D.I. 30 at 1-2) and assert that Defendant misrepresented the content of those discussions by omitting that his earlier offer was somewhat different[1] and conditioned on Plaintiffs dismissing the action. (D.I. 29 at 2). Because Plaintiffs refused to accept that settlement, the action proceeded. *Id.*

Rule 41(a)(2) states "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal . . . is without prejudice." Fed. R. Civ. P. 41(a)(2). Moreover, a motion for voluntary dismissal without prejudice "should be granted absent substantial prejudice to the defendant." *Mobil Oil Corp. v. Advanced Environmental Recycling Techs., Inc.*, 203 F.R.D. 156, 157-58 (D. Del. 2001) (citation omitted). "Substantial prejudice" means "plain legal prejudice," and "[t]he mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice." *Reach & Assocs., P.C. v. Dencer*, 2004 WL 253487, *1 (D. Del. Feb. 9, 2004) (citations omitted). Here,

---

[1]     Plaintiffs note that the later affidavit "attest[ed] not simply that [Defendant] was *willing* to leave his employment . . ., but that he *actually* had done so," and is thus different. (D.I. 29 at 2).

the court does not find such substantial prejudice to exist. Indeed, the Defendant does not object to the dismissal – but only to dismissal with the payment of Defendant's fees and costs.

The court, however, does not find that payment Defendant's request for fees and costs is warranted in connection with dismissing the case. The motion to dismiss was filed at the early stages of the case. Neither party has taken discovery and the "[t]he Court has not even entered a scheduling order."[2] (D.I. 28-3). Moreover, the court is not persuaded that Plaintiffs' other actions – including filing of the motion for a preliminary injunction and electing to proceed in Superior Court – merit an award of fees. As Plaintiffs note, what was offered during discussions with Defendant prior to moving for a preliminary injunction was not identical to what was provided in response to the motion for a preliminary injunction. Moreover, it appears that Plaintiffs acted reasonably in withdrawing their motion expeditiously and choosing to file the Superior Court action in light of the jurisdictional challenge raised by Defendant.

IT IS THEREFORE ORDERED this 26th day of September 2018 that Plaintiffs' motion to dismiss (D.I. 28) is GRANTED and Defendant's request that payment of his fees and costs be a prerequisite to the dismissal is DENIED.

BY THE COURT:

_____
The Honorable Maryellen Noreika
United States District Judge

---

[2] Defendant cites to *Total Containment, Inc. v. Aveda Mfg. Corp.*, No. CIV. A. 90-4788, 1990 WL 290146 (E.D. Pa. Dec. 7, 1990) in support of his claim that financial prejudice may be sufficient to grant attorneys' fees. In that case, unlike here, "considerable expenses in preparing for trial" supported the imposition of legal fees. *Id. at \*3*. Specifically, the party seeking fees had incurred fees and costs related to contesting the action, preparing numerous motions, responding to additional filings, and attending and presenting oral argument. *Id.* The level of participation in *Total Containment* surpasses that which is alleged here.